STATE OF MAINE

Sagadahoc, ss.

SUPERIOR COURT
AMH - SAG - 1/27/2012

CHARLES ALAN OWEN

Plaintiff

v.

Docket No. SAG-CR-11-050

SPORTS GYMNASTICS FEDERATION OF RUSSIA

Defendant

russiangymnasts.net

Quasi-in-rem jurisdiction

## ORDER OF DISMISSAL

This civil case came before the court January 26, 2012 on the court's own motion, based on a doubt as to jurisdiction. Plaintiff Charles Alan Owen is a website designer, and he has created and maintained websites on the World Wide Web for several Russian gymnasts. The crux of his claims is that the Sports Gymnastics Federation of Russia is interfering with and obstructing his website activity. He seeks damages and also injunctive relief.

On the face of the Complaint, as well as the First Amended Complaint, there appears to be no basis for this court to assume jurisdiction:

- Plaintiff's claims appear all to be founded on Russian law and on transactions occurred either in Russia or in cyberspace, but not physically in the State of Maine

- there is no indication that the Defendant does business in Maine or has the constitutionally required minimum contact with the State of Maine, *see* 14 M.R.S. § 704-A(1), (2); *see also* Estate v. Margarete Hoch v. Stifel, 2011 ME 24, ¶¶ 21-12, 16 A.3d 137, 145-46, *citing International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)

- the fact that the website is administered from Houston, Texas does not confer jurisdiction in Maine although it may elsewhere in the United States

For personal jurisdiction to exist, it must be shown that "(1) Maine has a legitimate interest in the subject matter of the litigation; (2) the defendant, by his or her conduct, reasonably could have anticipated litigation in Maine; and (3) the exercise of jurisdiction by Maine's courts comports with traditional notions of fair play and substantial justice." Estate of Hoch, *supra,* 2011 ME 24 at ¶ 25, 16 A.3d 137, 146.

Maine's only connection with any of the Plaintiff's allegations is that the Plaintiff himself resides in Maine. He does not claim to have had any contractual relationship with the Defendant.

At the January 26 hearing, the court's jurisdictional concerns were explained to Mr. Owen, and he confirmed that he was not aware of any activity or contact by the Defendant Federation within the State of Maine.[1] He also was advised of his right to test the validity of this court's reason through an appeal of the dismissal of this case. The court concludes it lacks personal jurisdiction over the Defendant, and that it lacks even *in rem* jurisdiction over the website mentioned in the caption. The court is also in doubt as to its subject matter jurisdiction, because the Plaintiff's claims all appear to center on the extent to which a Russian gymnastics organization can control and limit the website activity of its Russian gymnast members. The Defendant's alleged efforts to prevent its members from having websites maintained by the Plaintiff is insufficient to give this court either subject matter or personal jurisdiction.

---

[1] The court need not address the Plaintiff's argument that the dismissal of his prior case with prejudice does not serve as a bar this case. *See Owen v. Artistic Gymnastics Federation of Russia et als.,* Me. Super. Ct., Sag. Cty. Docket No. BATSC-CV-11-007. He does allege continuing activity and continuing harm that may support his position.

2

For the foregoing reason, it is ORDERED that this case be, and hereby is, dismissed with prejudice pursuant to M.R. Civ. P. 12(b)(1) and 12(b)(2).

The clerk is hereby directed to incorporate this Order by reference in the docket.

Dated January 27, 2012

A. M. Horton, Justice

3